IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES TYRONE EDWARDS, #244859 | ) |
| Plaintiff, | ) |
| Vs. | ) 3:06-CV-740 |
| SGT. MOORE, et al., | ) (WO) |
| Defendants. | ) |

## MOTION TO WAIVE PARTIAL FILING FEE

**COMES** now James Tyrone Edwards, #244859 (Plaintiff") by and through pro se, in forma pauperis, and in the above-entitled cause, moves this Honorable Court on motion, pursuant to 28 U.S.C. & 1915(b)(1) & (B)(4) to waive partial filing fee and in support states hereto:

Plaintiff in the above-styled cause, has submitted a civil complaint (42 U.S.C. & 1983 with attached application to proceed in forma pauperis, accompanied by certified copies of his prison account statement.

On August 23, 2006 Susan Russ Walker, United States Magistrate Judge issued an Order that Plaintiff pay a partial filing fee to commence this action. Hon. Walker upon review of Plaintiff's prison account balance of 0.00, ordered that Plaintiff file a partial filing fee of $31.00 to commence civil action. The Order further directed, if the funds are not available in Plaintiff's prison account, he must make

1

arrangements for payment of the requisite filing fee. A copy of this Order was forwarded by the Clerk to account clerk at Limestone Correctional Facility.

### REASONS WHY MOTION SHOULD BE GRANTED

*In Re Jacobs*, 213 F.3d 289 (5th Cir. 2000), this Court held: "Imposing partial filing fee is appropriate exercise of authority under forma pauperis statute: requiring payment of filing fee according to plaintiff's ability to pay service statutory goal of granting equal access to the courts regardless of economic status while at the same time serving dual aims of defraying some judicial costs of litigation and screening out frivolous claims."...*Olivares v. Harshall*, 59 F.3d 109 (9th Cir. 1995).

There are two controlling issues in this case: first, whether prisoner-plaintiff may be required to pay a partial filing fee where he is unable to do so and second, whether the district court may consider that there has not been a recent decrease in plaintiff's assets in determining whether to grant plaintiff indigent status.

Plaintiff upon submitting his 1983 complaint was accompanied by prison account that showed $0.00 without a recent decrease in Plaintiff's assets. Hon. Walker inadvertly claim that Plaintiff's average monthly deposits Of $155.00 and that he had an average prison account balance of $31.00 for the last six months. Based

2

upon these claims, Hon. Walker ordered Plaintiff to pay an initial partial-filing fee of $31.00, which Plaintiff is without assets to pay. Upon submitting this motion, Plaintiff has subsequently attached his recent prison account, which shows his assets of $0.00. Moreover, Plaintiff is requesting a Consent Form to authorize the District to withdraw funds from his prison account for partial and filing fee when assets become available. Upon consideration of those facts, the Court requiring a partial filing fee where Plaintiff's assets are unavailable, is denying him access to the federal court for redress, especially where Plaintiff is requesting authorization for fees to be withdrawn when assets become available. Moreover, the Court has forwarded copy of the Order to Limestone Correctional Facility inmate account to take payments from Plaintiff's account and forward to this Court each time the amount exceeds $10.00 until the $250.00 filing fee is paid in full.

### RELIEF/CONCLUSION

Wherefore Premises Considered, Plaintiff pray that this Honorable Court grant motion for waiver of partial filing fee until assets become available to provide access to this Court for civil redress.

Respectfully submitted,

*James T Edwards*
JAMES TYRONE EDWARDS

Done this 9TH day of September, 2006.

3